IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ANTHONY LYN KIMBROUGH, ) | ENTERED ON DOCKET |
| ) | DATE  SEP 2 0 1999 |
| Petitioner, ) | |
| ) | |
| vs. ) | Case No. 98-CV-672-H (E) |
| ) | |
| GARY GIBSON, ) | FILED |
| ) | SEP 17 1999 |
| Respondent. ) | Phil Lombardi, Clerk |
| | U.S. DISTRICT COURT |

### ORDER

Before the Court is Respondent's motion to dismiss petition for writ of habeas corpus as time barred by the statute of limitations (Docket #12). Petitioner has filed a response to the motion (#14). Petitioner has also filed a motion for an evidentiary hearing (#3) and a "motion for supplemental pleading brief in support of petition for a writ of habeas corpus" (#11). Respondent's motion to dismiss is premised on the allegation that Petitioner, a state inmate appearing *pro se*, failed to file this petition for writ of habeas corpus within the one-year limitations period prescribed by 28 U.S.C. § 2244(d), as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). For the reasons discussed below, the Court finds that the petition is untimely filed and Respondent's motion to dismiss should be granted. Petitioner's motions for an evidentiary hearing and to file a supplemental brief in support of the petition have been rendered moot.

### *BACKGROUND*

Petitioner was convicted by a jury of First Degree Murder, Trafficking in Cocaine, and Failure to Obtain a Tax Stamp, in Tulsa County District Court, Case No. CF-93-1833. He was sentenced to life imprisonment without the possibility of parole, life with the possibility of parole, and five (5) years imprisonment, on the three convictions, respectively, with the sentences to run



consecutively. Petitioner appealed his judgment and sentence to the Oklahoma Court of Criminal Appeals where, on October 18, 1995, his conviction was affirmed (see #13, Ex. A). Nothing in the record indicates Petitioner sought *certiorari* review in the United States Supreme Court.

Petitioner filed an application for post-conviction relief in the state district court on April 22, 1997 (#13, Ex. B). On June 13, 1997, the trial court denied post-conviction relief (#13, attachment to Ex. B). Petitioner appealed and on August 15, 1997, the Oklahoma Court of Criminal Appeals affirmed the denial of post-conviction relief (#13, attachment to Ex. C).

Petitioner also sought state habeas corpus relief, filing his petition in Pittsburgh County District Court in January of 1998 (#13, Ex. D). On January 23, 1998, the state district court denied the requested habeas corpus relief. Petitioner appealed and on March 2, 1998, the Oklahoma Court of Criminal Appeals declined jurisdiction because Petitioner failed to serve notice on the adverse party (#13, attachment to Ex. E). Petitioner attempted to file a petition for writ of habeas corpus in the Oklahoma Supreme Court. That court transferred the matter to the exclusive jurisdiction of the Oklahoma Court of Criminal Appeals. On July 21, 1998, the state appellate court dismissed the petition for writ of habeas corpus (#13, attachment to Ex. F).

Petitioner filed the instant federal petition for writ of habeas corpus on September 3, 1998 (#1).

## ANALYSIS

The AEDPA, enacted April 24, 1996, established a one-year limitations period for habeas corpus petitions as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of

2

> habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of —
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State actions;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d). Because the limitations period generally begins to run from the date on which a prisoner's direct appeal from his conviction became final, a literal application of the AEDPA limitations language would result in the preclusion of habeas corpus relief for any prisoner whose conviction became final more than one year before enactment of the AEDPA. Recognizing the retroactivity problems associated with that result, the Tenth Circuit Court of Appeals has held that for prisoners whose convictions became final before April 24, 1996, the one-year statute of limitation does not begin to run until April 24, 1996. United States v. Simmonds, 111 F.3d 737, 744-46 (10th Cir. 1997). In other words, prisoners whose convictions became final before April 24, 1996, the date of enactment of the AEDPA, were afforded a one-year grace period within which to file for federal habeas corpus relief.

In addition, the tolling provision of 28 U.S.C. § 2244(d)(2) applies in § 2254 cases to toll the one-year grace period afforded by Simmonds. Hoggro v. Boone, 150 F.3d 1223 (10th Cir. 1998).

3

Therefore, the one-year grace period is tolled while pursuing state post-conviction proceedings properly filed during the grace period.

Application of these principles to the instant case leads to the conclusion that this habeas petition fails to meet the one-year limitations period. Petitioner's conviction became final on or about January 16, 1996, after the 90 day time period for filing a petition for writ of *certiorari* in the United States Supreme Court had lapsed. See Caspari v. Bohlen, 510 U.S. 383, 390 (1994). Therefore, his conviction became final before enactment of the AEDPA and, as a result, his limitations clock began to run on April 24, 1996, when the AEDPA went into effect. Petitioner had one year, or until April 23, 1997, to file his petition for writ of habeas corpus.

However, the limitations period was tolled in this case because Petitioner had "a properly filed application for State post-conviction or other collateral review" pending in the state courts during the grace period. 28 U.S.C. § 2244(d)(2). Petitioner filed his application for post-conviction relief in the trial court on April 22, 1997, the day before the April 23, 1997 federal habeas corpus deadline. Thus, once the state courts concluded review of Petitioner's post-conviction proceedings, Petitioner had the time remaining in his limitations period, i.e., two (2) days, within which to file a timely federal petition for writ of habeas corpus. The Oklahoma Court of Criminal Appeals affirmed the trial court's denial of post-conviction relief on August 15, 1997. Petitioner had to file his federal habeas petition on or before August 17, 1997 to be timely. Because August 17, 1997 was a Sunday, Petitioner's deadline was Monday, August 18, 1997.

Petitioner's state habeas corpus actions did not further toll the limitations period. Petitioner did not file his petition in Pittsburgh County District Court until January, 1998, after expiration of the limitations period. A collateral petition filed in state court after the limitations period has expired

4

no longer serves to toll the statute of limitations. <u>Rashad v. Khulmann</u>, 991 F. Supp. 254, 259 (S.D. N.Y. 1998). As a result, the limitations period was not tolled during the pendency of Petitioner's state habeas corpus proceedings. Therefore, unless Petitioner can demonstrate that he is entitled to other statutory or equitable tolling of the limitations period, his petition filed September 3, 1998 is clearly untimely.

In his response to the motion to dismiss (#14), Petitioner explains that he filed his state habeas corpus actions in order to exhaust available state remedies, a requirement for filing his federal petition for writ of habeas corpus. 28 U.S.C. § 2254(b). Therefore, Petitioner argues that the limitations period should be considered tolled during the pendency of his state habeas corpus proceedings. However, as discussed above, Petitioner's limitations period had already expired when he filed his state habeas corpus petition. Furthermore, the issues raised in the instant petition were raised in Petitioner's post-conviction application. As a result, the exhaustion requirement of § 2254(b) was satisfied upon conclusion of post-conviction proceedings. See <u>White v. Meachum</u>, 838 F.2d 1137, 1138 (10th Cir. 1988) (stating that exhaustion of a federal claim may be accomplished by either showing (a) the state's appellate court has had an opportunity to rule on the same claim presented in federal court, or (b) there is an absence of available State corrective process or circumstances exist that render such process ineffective to protect the rights of the applicant). Based on these considerations, the Court concludes that the limitations period was not suspended during the pendency of Petitioner's state habeas corpus proceedings. Petitioner's federal petition for writ of habeas corpus was not filed within the limitations period and should be dismissed as time-barred.

## *CONCLUSION*

Petitioner failed to file his petition for writ of habeas corpus within the one-year limitations period. Therefore, Respondent's motion to dismiss petition for writ of habeas corpus as barred by the statute of limitations should be granted. The petition for writ of habeas corpus should be dismissed with prejudice. Petitioner's motions for an evidentiary hearing and to file a supplemental brief in support of his petition are moot.

**ACCORDINGLY, IT IS HEREBY ORDERED that:**

1. Respondent's motion to dismiss petition for writ of habeas corpus (#12) is **granted.**

2. The petition for writ of habeas corpus is **dismissed with prejudice.**

3. Petitioner's motions for an evidentiary hearing (#3) and to file a supplemental brief in support of his petition (#11) are **moot.**

IT IS SO ORDERED.

This __16TH__ day of September, 1999.

Sven Erik Holmes
United States District Judge